JOSÉ DELGADO-GONZÁLEZ, Plaintiff and Appellant, *v.* AVELINO MÁRQUEZ ET AL., Defendants and Appellees.

No. 4190.   Argued November 17, 1927.—Decided March 6, 1928.

*M. Rodríguez Serra* for the appellant.   *González Fagundo & González Jr.* for appellee Márquez Díaz.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On August 30, 1922, José Delgado filed an affidavit to the effect that he was the owner of a Garford truck, license H. P. 89, attached by the marshal of the district court of Humacao as belonging to the defendant in an action of debt

brought by Avelino Márquez against Saturnino Dávila. On the strength of the said affidavit and a bond furnished by him as principal and Onofre Solano and Miguel Morales as sureties, he applied to the marshal for the immediate delivery of the said truck, which was valued at $1,500. The bond was given in favor of Márquez in the sum of $3,000 and with the usual conditions. The truck was delivered to Delgado pursuant to his application.

The clerk of the district court of Humacao notified the parties in the civil action, wherein the attachment had been decreed, in regard to what had taken place. In answer to the notification Márquez, the plaintiff in that action, appeared in the action of intervention. The defendant did nothing. The intervenor Delgado appeared formally and, after the issuance of the proper order by the court, filed a brief alleging, in short, that the truck had ceased to belong to Dávila from July 18, 1921, when he acquired it by means of a sale executed in a public instrument. Márquez answered denying the ownership alleged by Delgado. And thus since October 10, 1922, the issue was joined.

Nothing was done and on November 21, 1924, the court made the following ruling:

"On this 21st of November, 1924, the day set for the appearance of the plaintiff to show cause why his action herein should not be dismissed for want of prosecution, since more than a year has elapsed without having taken any steps for the prosecution of the case, the court orders its dismissal, without special imposition of costs. Given in open court in Humacao, P. R., on the 21st of November, 1924. (Signed) Pablo Berga, District Judge."

On May 6, 1926, Márquez appeared and moved the court, on the ground that more than ten days had elapsed from the date of the judgment and the truck had not been returned, to enter judgment against the intervenor and his sureties for the value thereof plus interest thereon at the rate of six percent annually. The court, on May 12, 1926, in view of

sections 14 and 15 of the Act in regard to intervention, granted the motion.

On February 10, 1927, intervenor Delgado appealed from the ruling of November 21, 1924, and from that of May 26, 1926, to this court. It is this appeal which we are considering.

Besides the documents which have furnished us the above facts there is in the record of the appeal a "statement of the case" approved by the trial court on February 25, 1926. The two following paragraphs are taken from that statement:

"It does not appear from the record that the plaintiff had been notified or heard in any manner previous to the entry of the aforesaid judgment or ruling."

    *        *        *        *        *        *        *

"It does not appear from the record that the motion by virtue of which the aforesaid ruling of May 12, 1926, was made was notified in any manner to the plaintiff or his sureties. Nor does it appear from the record or from the minutes of the court that they had been heard in any way before the issuance of the aforesaid order."

Four errors are assigned by the appellant in his brief. The first is to the effect that the court "made its order of November 21, 1924, *motu proprio*, without previously notifying or hearing the party who was aggrieved thereby."

In his argument on the assignment the appellant alleges that the court had no authority to make the order and cites section 192 of the Code of Civil Procedure which establishes when an action may be dismissed or a judgment of nonsuit entered.

We have carefully studied that section and find that the case at bar is not included therein.

This does not mean to say, however, that the court has no jurisdiction to close a case that has been entirely abandoned. In this connection there was promulgated rule 3 of the Rules for the District Courts reading as follows:

"Rule 3.—At the calling of the calendar at each regular term, the court, motu proprio and by *previously notifying* the parties at least

five days before, may order the dismissal of any pending action, suit or proceeding wherein no progress has been made in their prosecution and entry thereof made in the record, for one year or more, due to the negligence of the parties, unless such delay is opportunely justified to·the satisfaction of the Court.'' (Italics ours.)

The appellant admits the existence of the rule and to a certain extent its applicability to the case, but contends that if the trial judge based his decision thereon, he ought to have followed the provisions requiring the *previous notification* of the parties. In our opinion, this is the real point in issue in this appeal.

From the ruling of November 21st it does not appear that the previous notification required by the rules was made. The appellees allege that it must be presumed that the law was complied with.

In the statement of the case approved by the court for the purpose of this appeal we have seen it stated that ''it does not appear from the record that the plaintiff had been notified or heard in any manner previous to the entry of the aforesaid judgment or ruling.''

Neither of the parties cites jurisprudence applicable. The question is doubtful and being in doubt we think that it should be decided in favor of a consideration of the merits of the right in controversy.

When a plaintiff fails to appear in the case referred to in rule 3 his attitude is very similar to that of a defendant who fails to answer. If a defendant fails to answer, his default is entered and judgment may be entered against him even by the clerk of the court in proper cases; but for the judgment to be valid the presumption that the defendant had been duly summoned is not sufficient, for it is necessary that the summons should form a part of the judgment roll. It must be done likewise in cases under rule 3 when the plaintiff fails to appear. In order that the jurisdiction of the court may be apparent from the record itself, the record should contain the previous notice to the parties.

Having come to the conclusion that the order of November 21, 1922, is void for that reason, it is unnecessary to consider the other errors assigned by the appellant. As to the other ruling appealed from, it is sufficient to say that as it was based on that of November 21, 1922, if the latter is void the former has no basis.

It seems proper to say that the appellee in his brief insists that the appeal should be dismissed, making reference to facts which do not appear in the record. As to what appears from the record, the question was examined and determined by the decision of this court of July 12 last rendered in this same case, 37 P.R.R. 127, and as to the other circumstances that might concur, as they are not in the record they can not be considered.

The rulings appealed from must be reversed and the case remanded for further proceedings.

Mr. Justice Texidor took no part in the decision of this case.